UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL, | No. 2:13-cv-01400-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SAWTELLE, DEPUTY DISTRICT ATTORNEY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel, filed his complaint and an application to proceed in forma pauperis on July 15, 2013.[1] (ECF Nos. 1-2.) For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis (ECF No. 2), but dismisses his complaint. Plaintiff shall have leave to file an amended complaint.

I.   Plaintiff's Application To Proceed In Forma Pauperis

Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration (ECF No. 2) make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

II. <u>Screening Plaintiff's Complaint</u>

    a. *General Screening Standards*

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. <u>See, e.g.</u>, <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an independent obligation to examine their own jurisdiction") (citation omitted). Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter

3

1  jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject

2  matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox

3  Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

        b.  *Allegations In Plaintiff's Complaint*

Plaintiff's complaint alleges various "constitutional violations" in connection with plaintiff's criminal trial in state court.[2] (Compl., ECF No. 1 at 3.) In particular, plaintiff alleges that

> The Defendants[] committed numerous constitutional violations against the Plaintiff, which include [b]ut [are] not limited to, Suppression of Exculpatory Brady material evidence, Admission of Inadmissible evidence, Permitting and Aiding a complaining witness for the state to commit perjury, Allowing and Aiding in a witness giving false testimony, Knowingly Allowing Government Agents to tamper with evidence and give false testimony and Intentionally and Willfully committing Subordinate Acts. Petitioner as a result of the Defendant's constitutional violations against himself suffered [a] Great Miscarriage of Justice in that he was incarcerated for 11 years.

(Compl. at 3.) Plaintiff seeks injunctive relief, declaratory relief, compensatory damages, and punitive damages in the amount of $2.5 million. (Id. at 5.)

        c.  *Invalidity of Convictions or Sentences*

An 11-year sentence of confinement — and conduct during state court criminal proceedings leading to it — form the basis of this action, yet plaintiff has not shown that his sentence has been invalidated. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[3] Heck, 512 U.S. at 486.

---

[2] The Complaint's internal page numbering does not match up with the page numbers the Clerk of the Court stamped at the top of each page of the document when it was filed. Unless otherwise stated herein, the undersigned references the page numbers stamped at the top of each page of the Complaint, i.e., the page numbers provided by the Clerk of the Court.

[3] In Heck, the Supreme Court held:

Thus, "[i]f 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' then 'the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" Whitaker v. Garcetti, 486 F.3d 572, 583 (9th Cir. 2007) (quoting Heck, 512 U.S. at 487) (emphasis added).[4]

The undersigned finds that plaintiff's case directly implicates the validity of plaintiff's underlying criminal proceeding and resulting sentence of incarceration. However, plaintiff has not met the pleading requirements presented in Heck. Accordingly, plaintiff fails to state a claim on which relief may be granted, and plaintiff's complaint is dismissed without prejudice. In any amended complaint, plaintiff must show that his criminal conviction and resulting sentence have been invalidated in order to proceed with this action.

d. *Plaintiff's Pleading Also Fails To Comply With Federal Rule Of Civil Procedure 8*

The undersigned also dismisses the complaint for failure to comply with the notice pleading standards described above. Each allegation in a pleading must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Yet plaintiff's allegations are conclusory and often lack the context necessary to allow the undersigned to decipher the factual bases of plaintiff's claim(s).

---

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

[4] The court in Whitaker also clarified that Heck applies to Section 1983 arising from allegedly improper searches and seizures under the Fourth Amendment. Id. at 583-84 ("... a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases . . .") (quoting Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000)).

1  For example, putting aside the fact that all of the alleged misconduct *appears* to have occurred
2  during criminal proceedings in state court which likely triggers certain immunities[5] from suit,
3  plaintiff does not otherwise factually describe *how* defendants violated his rights and only
4  conclusorily states that they did so.  (Compl. at 4.)

5        e.  *Leave to Amend*

6         Plaintiff shall have leave to address the pleading requirements described in Heck and to
7  provide clarifying factual allegations to satisfy Federal Rule of Civil Procedure 8.  The
8  undersigned emphasizes that the problem with plaintiff's complaint is not one of length; it is a
9  problem of clarity and organization.  In his amended pleading, if he can, plaintiff should allege
10 facts addressing the Heck requirements discussed above, should clearly identify the claims that he
11 wishes to pursue, and should provide succinct and coherent factual allegations supporting each
12 claim.  Plaintiff should consider identifying each claim by an underlined "header," and conveying
13 the factual allegations supporting each claim under that specific header.

14        Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
15 amended complaint complete.  Eastern District Local Rule 220 requires that an amended
16 complaint be complete in itself.  This requirement is because, as a general rule, an amended
17 complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)
18 ("The amended complaint supersedes the original, the latter being treated thereafter as non-
19 existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no
20 longer serves any function in the case.  Defendants not named in an amended complaint are no
21 longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

---

[5]  "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process."  Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005); Burns v. Reed, 500 U.S. 478, 486 (1991).  Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Botello, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case.").  Thus, even claims of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See, e.g., Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Plaintiff is also hereby informed that he is obligated to comply with court orders and the rules of litigation procedure, notwithstanding his status as a pro se litigant. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986). Accordingly, plaintiff's failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

////

////

7

III. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend to correct the deficiencies described herein. The amended pleading shall be titled "First Amended Complaint."
3. Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
4. *Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, and may be construed as plaintiff's consent to such dismissal.*

IT IS SO ORDERED.

Dated: August 19, 2013

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE