1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK L. MITCHELL, | No.  2:13-cv-1400-TLN-KJN-PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JENNIFER SAWTELLE, DEPUTY DISTRICT ATTORNEY, et al., | |
| Defendants. | |

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice.  Plaintiff twice failed to file an amended pleading despite receiving extra time to do so and despite having been warned of the consequences.  For the reasons described below, the undersigned recommends that plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

I.       BACKGROUND

Plaintiff Roderick Mitchell ("plaintiff") is proceeding without counsel in this action.[1]

On August 19, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and gave him leave to file an amended pleading within 45 days.  (ECF No. 3.)  The order concluded,

---

[1]    This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  "Failure to timely file an amended complaint in accordance with this order will result in a
2  recommendation that this action be dismissed." (Id. at 7.)

3       Plaintiff failed to file an amended pleading by the 45-day deadline, and the court issued an
4  Order to Show Cause ("OSC").  (OSC, ECF No. 4.)  The OSC gave plaintiff an extended deadline
5  of January 23, 2014, in which to file (1) an amended pleading and (2) a writing explaining why
6  the case should not be dismissed given plaintiff's delay in meeting the court's deadline.  (Id.)  The
7  undersigned warned plaintiff that his "***failure to file the required writing and amended***
8  ***complaint shall constitute an additional ground for, and plaintiff's consent to, the imposition***
9  ***of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily***
10  ***dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules***
11  ***110 and 183(a)***."  (Id. at 3 (emphasis in original).)

12       The deadline of January 23, 2014, has come and gone.  Once again, plaintiff has not filed
13  an amended pleading.

14      II.    LEGAL STANDARD

15       A court must weigh five factors in determining whether to dismiss a case for failure to
16  prosecute, failure to comply with a court order, or failure to comply with a district court's local
17  rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court
18  must consider:

19
20         (1) the public's interest in expeditious resolution of litigation; (2) the
          court's need to manage its docket; (3) the risk of prejudice to the
          defendants; (4) the public policy favoring disposition of cases on their
21         merits; and (5) the availability of less drastic alternatives.

22  Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.
23  Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that
24  "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a
25  way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.
26  Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

27       Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
28  with these Rules or with any order of the Court may be grounds for imposition by the Court of

1    any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

2    Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney
> is bound by the Federal Rules of Civil or Criminal Procedure, these
> Rules, and all other applicable law.  All obligations placed on
> "counsel" by these Rules apply to individuals appearing in propria
> persona.  Failure to comply therewith may be ground for dismissal,
> judgment by default, or any other sanction appropriate under these
> Rules.

7    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

8    same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

9    accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

10   case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

11   or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

12   court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

13   court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

14   Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

15   an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

16   prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53

17   ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963

18   F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

19   an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City

20   of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent

21   power to control their dockets and may impose sanctions including dismissal or default).

22       III.    DISCUSSION

23       Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik

24   factors weigh in favor of dismissal of this action.  See Ferdik, 963 F.2d at 1260.  The first two

25   Ferdik factors strongly support dismissal here.  Plaintiff's failures to timely file an amended

26   pleading, despite clear warnings of the consequences (ECF Nos. 3 at 7; 4 at 3) strongly suggest

27   that plaintiff is not interested in seriously prosecuting this case, or at least, does not take his

28   obligations to the court and other parties seriously.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d

3

1    983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

2    favors dismissal").  Any further time spent by the court on this case, which plaintiff has

3    demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and

4    take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts

5    have inherent power to manage their dockets without being subject to noncompliant litigants).

6           Further, this is not plaintiff's first failure to comply with a court order.  When plaintiff

7    initially failed to file an amended pleading after the court's order of August 19, 2013, the court

8    extended plaintiff's deadline to complete such filing and warned plaintiff that another failure to

9    meet the extended deadline would result in a recommendation of dismissal.  (ECF No. 4.)  Yet

10   plaintiff failed to file an amended pleading by the extended deadline and in no way attempted to

11   explain his failure to file an amended pleading.  Despite receiving warnings and multiple chances,

12   plaintiff's failures to comply with court orders demonstrate plaintiff's lack of any serious

13   intention to pursue this case.  See Ferdik, 963 F.2d at 1261.

14          The third Ferdik factor, prejudice to a defendant, also favors dismissal.  Due to the defects

15   within plaintiff's pleading, service of process upon the defendants has not been ordered.

16   Nevertheless, defendants remain named in a lawsuit.  It is difficult to quantify the prejudice

17   suffered by defendants here; however, it is enough that defendants have been named in litigation

18   that plaintiff has effectively abandoned.  At a minimum, plaintiff's unreasonable delay in

19   prosecuting this action have prevented defendants from attempting to resolve this case on the

20   merits.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine

21   (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

22          The fifth Ferdik factor, which considers the availability of less drastic measures, also

23   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

24   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

25   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

26   actually tries alternatives before employing the ultimate sanction of dismissal").  For instance, the

27   court gave plaintiff multiple opportunities to amend his defective pleading.  (ECF Nos. 3, 4.)  The

28   court also advised plaintiff that he was required to actively prosecute his action and follow the

court's orders.  (ECF Nos. 3, 4.)  It also repeatedly warned plaintiff in plain terms that failure to comply with court orders and failure to file an amended pleading would result in a recommendation of dismissal.  (ECF Nos. 3 at 7; 4 at 3.)  Warning a plaintiff that failure to take steps towards resolution of his or her action will cause the action to be dismissed satisfies the requirement that the court consider alternative measures.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

At this juncture, the court finds no suitable alternative to a recommendation that this action be dismissed.  Plaintiff failed to file an amended pleading despite having multiple chances to do so (ECF Nos. 3, 4), and in light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal.  Plaintiff disregarded the court's orders to file an amended pleading even though those orders explicitly warned him that failing to do so would result in a recommendation that his case be dismissed.  (ECF Nos. 3 at 7; 4 at 3.)

The court also recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiff's own failures to comply with the court's orders and the rules of litigation procedure.

In sum, the court endeavors to give pro se litigants who are unfamiliar with court procedures a fair opportunity to present their cases.  As such, the court has given plaintiff several opportunities to amend his defective pleading.  Yet plaintiff did not seize upon these

1    opportunities.  The court has also provided plaintiff with cautionary instructions and afforded

2    plaintiff some leniency with respect to the litigation.  However, at some point, leniency must give

3    way to considerations of limited court resources and fairness to the other compliant litigants.

4         IV.    CONCLUSION

5              For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

6              1.    This action be dismissed with prejudice pursuant to Federal Rule of Civil

7    Procedure 41(b).

8              2.    The Clerk of Court be directed to close this case and vacate all dates.

9              These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

11   days after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14   shall be served on all parties and filed with the court within fourteen (14) days after service of the

15   objections.  The parties are advised that failure to file objections within the specified time may

16   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

17   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

18             IT IS SO RECOMMENDED.

19   Dated:  January 29, 2014

20

21   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6